IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LINDA KAY BARBOUR, INDIVIDUALLY,
AND AS EXECUTRIX OF THE ESTATE
OF JOHN McBEE BARBOUR, AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF JOHN McBEE BARBOUR                                   PLAINTIFF

V.                                          CIVIL ACTION NO. 4:15-cv-147-NBB-JMV

KOSCIUSKO MEDICAL CLINIC;
KOSCIUSKO MEDICAL INVESTMENT GROUP, LLC;
PREMIER MEDICAL GROUP OF MISSISSIPPI, LLC;
TIMOTHY M. SOUTH; THE UNITED STATES
OF AMERICA; AND JOHN DOES 1-5                                       DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the motion to sever and remand filed by defendants Kosciusko Medical Clinic, Kosciusko Medical Investment Group, LLC, Premier Medical Group of Mississippi, LLC, and Timothy South (the "Kosciusko Defendants") and the motion to dismiss or, in the alternative, for summary judgment filed by the United States of America. Upon due consideration, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Linda Kay Barbour, brings this action individually, as Executrix of the Estate of John McBee Barbour, and on behalf of the wrongful death beneficiaries of her late husband, John McBee Barbour, against the above-named defendants alleging causes of action for negligence, breach of contract, and vicarious liability arising from the death of John McBee Barbour. On February 26, 2013, Mr. Barbour visited the Kosciusko Medical Clinic in Kosciusko, Mississippi, complaining of shortness of breath and extreme weakness. The clinic had treated Mr. Barbour for many years and, the plaintiff alleges, was well aware of his risks for

cardiovascular complications. Mr. Barbour was seen by nurse practitioner Timothy South who allegedly interpreted Mr. Barbour's cardiovascular rate and rhythm as normal despite an apparent pulse reading of 127. South ultimately diagnosed Mr. Barbour with bronchitis, pneumonia, and shortness of breath and sent him home. He did not see a doctor while at the clinic.

The following day, Mr. Barbour continued to have difficulty with shortness of breath. The plaintiff contacted the clinic and was directed to get Mr. Barbour to the emergency room. Mr. Barbour died before the ambulance arrived.

The plaintiff filed this action on February 23, 2015, in the Circuit Court of Attala County, Mississippi. She filed an amended complaint on August 17, 2015, adding the United States as a defendant on the alleged basis that "the Clinic was contracted with Defendant, United States Department of Veterans Affairs to provide healthcare to qualifying veterans." The plaintiff alleges Mr. Barbour qualified for veteran care at the clinic based on his service in the United States Navy during the Vietnam conflict. The United States subsequently removed the case to this court. The Kosciusko Defendants have moved to sever the plaintiff's claims against them from her claims against the United States and have moved to remand, and the United States has moved to dismiss based on sovereign immunity, asserting that the Kosciusko Defendants are independent contractors and not "employees of the government" under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. The plaintiff responded to the defendants' motions by filing a motion for additional time to conduct discovery and to stay the motion to sever and remand, asserting that the documents in the record at that time did not establish that the Kosciusko Defendants were independent contractors of the United States.

On January 13, 2016, the magistrate judge granted additional limited discovery on the issue of whether the Kosciusko Defendants are independent contractors of the United States. The discovery was to be completed within sixty days, and the plaintiff's responses to the defendants' motion to remand and motion to dismiss were to be filed within fourteen days after the conclusion of the sixty-day period. The record reflects that this additional discovery took place, but the plaintiff never filed a response to the defendants' motions.

## Analysis

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). To recover against the United States in this case, the plaintiff must prove that the government waived its sovereign immunity pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). The FTCA, because it is a waiver of sovereign immunity, must be strictly construed, and any ambiguities must be resolved in favor of the sovereign. *McLaurin v. U.S.*, 392 F.3d 774, 780 (5th. Cir. 2004). The FTCA provides the exclusive remedy for injuries resulting from the negligence of a federal agency or a federal employee acting within the course and scope of his employment. 28 U.S.C. § 2679(b)(1). The FTCA does not, however, extend to negligent acts of independent contractors of the United States. *Linkous v. U.S.*, 142 F.3d 271, 275 (5th Cir. 1998). "Therefore, if the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* (citing *Broussard v. U.S.*, 989 F.2d 171, 177 (5th Cir. 1993)).

The Kosciusko Defendants oppose this court's jurisdiction over the claims against them based on the fact that they are independent contractors and not "employees of the government." They assert that because they are independent contractors of the United States, the FTCA waiver of sovereign immunity does not apply in this case; the United States is not a proper party to this action; and, therefore, the case was improperly removed from the Circuit Court of Attala County.

The Kosciusko Defendants assert that the Veterans Administration contracted with a company known as CR Associates, Inc., for the provision of primary care services to veterans. CR Associates, Inc., then subcontracted those contractual obligations out to the Kosciusko Defendants. Initially, the Kosciusko Defendants did not have in their possession and could not produce the applicable and executed contracts between CR Associates and the United States relevant to this case, and the plaintiff's primary opposition to these motions was based on this lack of evidence. Counsel for CR Associates, however, then produced the contracts, and the Kosciusko Defendants supplemented the record with the same.

The supplemented record now contains the contract between the Department of Veterans Affairs and CR Associates executed on June 28, 2012, which extends the terms of the United States' agreement with CR Associates through February 28, 2013, thereby covering the date of Mr. Barbour's care. This contract specifically provides that "[c]ontractor employees are not covered by the Federal Tort Claims Act" and that "[a]ny settlement or judgment arising from a Contractor employee's action or non-action is the responsibility of the Contractor and/or insurance carrier."

Also made part of the record is the 2006 Subcontracting Agreement between CR Associates and the Kosciusko Defendants, which is effective for a total of five years by its

4

original terms; however, in the fifth year, 2011, a modification was executed and provided that performance would continue under the existing subcontracting agreement through the life of the existing contract between CR Associates and the Department of Veteran Affairs, including any extensions or interim contacts, until performance began under a newly awarded contract. Kosciusko Medical Clinic continued providing medical care under the subcontracting agreement and a second modification through January 20, 2014. The second modification, dated December 9, 2013, extending the contractual period through January 20, 2014, acknowledges the relationship that existed between CR Associates and the Kosciusko Medical Clinic "for nearly eight years under the previous contract."

The court finds that these documents and the record as a whole conclusively prove that the Kosciusko Medical Clinic provided care as independent contractors to veterans eligible for VA benefits under the 2006 subcontracting agreement and that this and the other applicable agreements cover the date Mr. Barbour was treated on February 26, 2013. For this reason, the court finds that the United States is immune under the Federal Tort Claims Act and was improperly joined in this case. The court must dismiss the United States as a defendant. In doing so, the court divests itself of jurisdiction, as the only possible jurisdictional basis at this point would be diversity of citizenship, and the parties in this action are all citizens of Mississippi. The court must, therefore, grant the Kosciusko Defendants' motion to remand.

## Conclusion

For the foregoing reasons, the court finds that the United States' motion to dismiss is well taken and should be granted. The court further finds that the Kosciusko Defendants' motion to

remand is also well taken and should be granted.  The case will be remanded to the Circuit Court of Attala County, Mississippi.  A separate order in accord with this opinion shall issue this day.

This, the 30th day of September, 2016.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**